IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| HYTKEN FAMILY LIMITED, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. G-05-563 |
| | § | |
| FRANK SCHAEFER, FRANK SCHAEFER | § | |
| CONSTRUCTION, INC., SCHAEFER | § | |
| FAMILY TRUST, and GALVESTON | § | |
| SHORES, L.P., | § | |
| | § | |
| Defendants. | § | |

### ORDER DENYING DEFENDANTS' MOTION TO STAY[1]

This case arises out of a dispute concerning real property in Galveston County, Texas.

Plaintiff Hytken Family Limited ("Plaintiff") filed suit in this Court on October 20, 2005, against

Frank Schaefer, Frank Schaefer Construction, Inc., Schaefer Family Trust, and Galveston Shores, L.P.

(collectively "Defendants"). Related litigation involving some of the same parties and the same real

estate transaction was filed on January 13, 2005, in the 56th Judicial District Court of Galveston

County. Now before the Court comes Defendants' Motion to Stay. For the reasons stated below,

Defendants' Motion is respectfully **DENIED**.[2]

**I. Background**

---

[1]This Motion was titled as a Motion to Abate, but typical practice in this Court for the relief requested is a Motion to Stay. The Court sees no distinction between the two and will treat Defendant's Motion as a Motion to Stay.

[2]The Court does not consider this Order worthy of publication. Accordingly, it has not requested and does not authorize publication.

This dispute arises out of a real estate transaction concerning certain land in Galveston County, and the ownership rights thereto. The facts surrounding the transaction remain unclear despite briefing on the part of both Plaintiff and Defendants, and review of all pleadings filed in both state court and this Court. Essentially, Defendants allegedly breached an oral agreement with Plaintiff concerning a real estate transaction, and now Plaintiff seeks damages and a constructive trust over the property in question.

Originally, Robert M. Hytken ("Hytken") brought suit against Frank Schaefer, Noleen Schaefer, and the Schaefer Family Trust ("Schaefer Defendants") in the 56th Judicial District Court of Galveston County. In his state court petition, Hytken made claims for breach of contract, promissory estoppel and detrimental reliance, fraud, and economic duress. The Schaefer Defendants filed a counterclaim seeking a declaration that they owned the property free and clear of Hytken's claims.

On October 20, 2005, Plaintiff filed suit in this Court. On October 25, 2005, Hytken nonsuited his State Court action. On November 18, 2005, Defendants moved to stay this cause of action to allow the state court to resolve the Schaefer Defendants' counterclaim, which they argue is still pending before the state court. On November 29, 2005, the State Court signed an order of nonsuit and dismissed the action without prejudice. Therefore, the issue before this Court is whether this action should be stayed pending the outcome of the state court proceedings.

**II. Motion to Abate**

The decision to stay a case pending related litigation in state court is a matter of judgment for the Court and is reviewed for an abuse of discretion. *See Exxon Corp. v. St. Paul Fire and Marine Ins. Co.*, 129 F.3d 781, 784 (5th Cir. 1997) (citing *Wilton v. Seven Falls Co.*, 515 U.S. 277, 115 S.

Ct. 2137, 132 L. Ed. 2d 214 (1995)). In order to consider the propriety of a stay pending the disposition of state court actions, the federal and state cases must involve the same parties and the same issues. *See id.* at 785 (citing *Hartford Accident & Indemnity Co. v. Costa Lines Cargo Servs., Inc.*, 903 F.2d 352, 360; *Menidola v. Hart*, 561 F.2d 1207, 1208 (5th Cir. 1977)).

Assuming that Defendants are correct in their assertion that the state court action is still pending, the Court still finds that a stay is improper.[3] Recognizing that the two causes of action involve substantially the same facts, there are differences. The underlying state court action in this case involves different parties. Plaintiff did not bring the state court petition, and the defendants in the two causes of action are different. Furthermore, the federal and state complaints are not identical. Given these differences, a stay would be inappropriate.

In addition, the Court notes that recent facts have come to light which materially alter the circumstances of the case, and which must be taken into consideration when determining the propriety of a stay. Specifically, Defendants have made misrepresentations to the Court about the pendency of a sale of the real estate that was the subject of the disputed transaction giving rise to this lawsuit. The Court is concerned that Defendants may sell the land if this case is stayed and allowed to slip under the radar. This could result in a gross injustice should Plaintiff prevail on his claims.[4]

## III. Conclusions

---

[3]Defendants claim that there is a counterclaim still pending in state court and that the entire state cause of action was not dismissed when the state court plaintiff nonsuited his claims.

[4]The Court notes that it does not condone Defendants' egregious behavior in this regard, and that all Parties and Counsel are warned that in the future, similar conduct will be met with sanctions.

For the reasons stated above, Defendants' Motion to Abate is emphatically **DENIED**.  Each

Party is to bear its own taxable costs, expenses, and attorney's fees incurred herein to date.

**IT IS SO ORDERED**.

**DONE** this 6th day of February, 2006, at Galveston, Texas.

_____

Samuel B. Kent
United States District Judge